**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Society Insurance, | No. CV-13-01007-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Donna Nystrom; Christine St. John, individually and on behalf of her minor children, S.S. & S.S.; Brenda DeGross; Daniel DeGross; Darren DeGross; Dean DeGross; the Estate of David DeGross; Mountain Vista Medical Center; State Farm Mutual Automobile Insurance Company; Western General Insurance Company; John and Jane Does I - X, | |
| Defendants. | |

On May 15, 2013, Society Insurance filed this action in interpleader under 28 U.S.C. § 1335. The action will be dismissed for two independent reasons: (1) the parties failed to make good faith efforts to comply with their stipulation to resolve this matter by agreement or state court adjudication, and (2) the action was filed prematurely.

**I.    BACKGROUND**

On February 6, 2013, a motor vehicle collision occurred in Pinal County, Arizona, involving James Sparish, who was driving a truck insured by Society Insurance under a

business auto insurance policy issued to "James Sparish, Brian Keeler, Kyle Kraine, Gregory Weaver dba J J S Auto Body Clinic." Society Insurance also provided a garage business owners policy to "James Sparish, Brian Keeler, Kyle Kraine, Gregory Weaver dba J J S Auto Body Clinic." Sparish is a Wisconsin resident.

When Sparish was in Arizona, he ran a red light and collided with a vehicle driven by Christine St. John. She and her two passengers, Spencer St. John and S.S., are Arizona residents. All three received medical treatment after the accident at Mountain Vista Medical Center.

Donna Nystrom and David DeGross were passengers in Sparish's truck and were injured and hospitalized. DeGross died in the hospital. Both were Wisconsin residents.

On February 7, 2013, Society Insurance received notice of the collision and shortly thereafter received communications from attorneys representing some of those injured in the collision. Society Insurance believed the claims could exceed the $500,000 bodily injury policy limit provided by a business automobile policy that protected the truck driven by Sparish. By letter to all of the claimants and potential claimants, former counsel for Society Insurance offered to "mediate the claim to divide up the $500,000" from the business automobile policy bodily injury limits and stated that "if the parties did not agree to mediation, then Society Insurance would interplead the funds leaving the court to decide the division." (Doc. 101 at 7.)

On May 15, 2013, Society Insurance filed this action in interpleader, seeking to deposit the business automobile policy limits with the Court. Neither the initial Complaint in Interpleader nor the First Amended Complaint in Interpleader admitted that its insured is liable for the damages caused by the February 6, 2013 collision or that the business automobile policy provides coverage for the collision. The following people were named as Defendants: David DeGross's wife, Brenda DeGross, and his three sons, Daniel DeGross, Darren DeGross, and Dean DeGross; Donna Nystrom; Christine St. John, Spencer St. John, and S.S.; and Mountain Vista Medical Center. State Farm

Mutual Automobile Insurance Company and Western General Insurance Company were initially named as Defendants, but were dismissed upon stipulation.

On January 10, 2014, Society Insurance moved to vacate the Scheduling Conference set for January 31, 2014, because the parties had scheduled a global settlement conference before an independent mediator on January 27, 2014. The Court granted the motion and continued the Scheduling Conference to February 28, 2014. On February 7, 2014, Society Insurance filed a motion to stay proceedings because during the global settlement conference a conflict arose between Society Insurance and its insured, James Sparish, regarding coverage. Because then-counsel for Society Insurance represented Sparish for defense of claims made by the Defendants, it was necessary to substitute new counsel for Society Insurance. New counsel entered their appearance on February 21, 2014.

The Scheduling Conference was held on March 13, 2014, during which Defendants agreed to decide the allocation of the business automobile policy limits by either agreement or state court adjudication. On April 11, 2014, the parties filed a stipulation to permit Society Insurance to interplead the aggregate policy limits for bodily injury under the business automobile policy ("Disputed Funds") to the registry of the Court, enjoin Defendants from bringing suit against Society Insurance relating to the business automobile policy or Disputed Funds, and discharge Society Insurance from any further liability arising from the dispute among the various Defendants relating to the business automobile policy or Disputed Funds. (Doc. 66.) The parties also stipulated that:

> The parties will abide either (a) the agreement of the parties of the allocation of the Disputed Funds or (b) the adjudication of the state court system's allocation of the Disputed Funds to the Defendants and agree that this Court will pay the Disputed Funds to the Defendants according to the agreement or allocation.

(*Id.*) There was no indication that the parties intended for this Court to decide how the Disputed Funds should be allocated.

The stipulation also amended the First Amended Complaint in Interpleader to correct the business automobile policy number and to change the name of the insured under the policy from "James Sparish" to "James Sparish, Brian Keeler, Kyle Kraine, Gregory Weaver dba J J S Auto Body Clinic." The parties further agreed that the stipulation did not bar or limit the Defendants from "pursuing James Sparish personally as a result of the automobile incident that occurred on or about February 6, 2013" and did not bar or limit Defendants' "rights or claims to pursue other insurance policies provided by Society Insurance for the automobile incident that occurred on or about February 6, 2013." (Doc. 66.)

On April 24, 2014, the Court granted the parties' stipulation. (Doc. 67.) On May 27, 2014, Plaintiff deposited the sum of $500,000 with the Court. (Doc. 68.) On July 29, 2014, pursuant to a second stipulation, Plaintiff was dismissed from this action and discharged from any further liability with respect to the February 6, 2013 automobile accident. (Doc. 71.)

More than a year later, on October 21, 2015, the Court ordered the remaining parties to file joint or separate status reports regarding the status of adjudication in the state court system or the status of stipulated agreements as to how the Disputed Funds should be divided. (Doc. 77.) The only status report filed provided almost no information. (Doc. 79.) Therefore, a status conference was held on December 17, 2015. Seeing no apparent progress toward reaching "(a) the agreement of the parties of the allocation of the Disputed Funds or (b) the adjudication of the state court system's allocation of the Disputed Funds to the Defendants," the Court ordered the parties to show cause why the stipulated orders should not be vacated and the Disputed Funds returned to Plaintiff. (Doc. 84.)

On July 25, 2016, after considering the parties' briefing, the Court concluded the parties had not pursued diligently and in good faith their stipulation to conclude this matter by either agreement or state court adjudication. (Doc. 97.) It vacated the portion

of paragraph 3 of the April 24, 2014 order that stated, "The parties will abide either (a) the agreement of the parties of the allocation of the Disputed Funds or (b) the adjudication of the state court system's allocation of the Disputed Funds to the Defendants." (*Id.*) Anticipating that allocation of the Disputed Funds could be resolved in this action, the Court set a Rule 16 Scheduling Conference for September 1, 2016, and deadlines for disclosures, discovery, case management planning, and a settlement conference. (*Id.*) On September 1, 2016, counsel for Society Insurance and counsel for each of the Defendants participated in a status conference with the Court and continued settlement discussion outside of the presence of the Court. No settlement was reached.

## II.   PENDING CLAIMS AND OTHER LITIGATION

On January 23, 2015, Brenda DeGross filed a wrongful death lawsuit in Pinal County Superior Court under A.R.S. § 12-611 on behalf of all statutory beneficiaries of David DeGross, including Daniel DeGross, Darren DeGross and Dean DeGross. In the Pinal County Superior Court case, Society Insurance is defending Sparish "under a full reservation of rights." Initially, it agreed to defend Sparish under a reservation of rights under the business auto insurance policy and denied coverage to Sparish under the garage business owners policy. As of August 14, 2015, Society Insurance is also defending Sparish in the Pinal County Superior Court case under a reservation of rights under the garage business owners policy. Sparish has admitted that he ran a red light, but denied that he drove negligently. He denied liability for damages arising out of the collision and alleged affirmative defenses, including assumption of risk and contributory negligence by the decedent and comparative fault of non-parties. Counsel for Sparish acknowledged that the parties agreed to stay the case twice while this interpleader action and another case were being decided, but in June 2016 a case scheduling order was issued.

Donna Nystrom asserts she was severely injured in the collision and has permanent disabilities as a result. Nystrom is not a party to any other lawsuit related to the February 6, 2013 motor vehicle collision.

Christine St. John, Spencer St. John, and S.S., claim damages for past/future pain, suffering, disability, and medical expenses. Christine St. John also claims lost wages and pension funds. The St. Johns are not parties to any other lawsuit related to the February 6, 2013 motor vehicle collision.

Mountain Vista Medical Center recorded and perfected a medical lien in the amount of $39,742.60 for hospital services provided to the St. Johns. The parties agree that Mountain Vista Medical Center can recover payment only through the St. Johns.

On August 11, 2015, Society Insurance filed a declaratory judgment action in a Wisconsin state court requesting the court to find there is no coverage under the garage business owners policy for the February 6, 2013 collision. Brenda DeGross and Sparish are named as defendants. A hearing on the coverage motion is set for November 28, 2016.

### III. ANALYSIS

#### A. The Parties Did Not Make Good Faith Efforts to Comply with Their Stipulation to Resolve This Matter by Agreement or State Court Adjudication.

On April 11, 2014, the parties stipulated that:

> The parties will abide either (a) the agreement of the parties of the allocation of the Disputed Funds or (b) the adjudication of the state court system's allocation of the Disputed Funds to the Defendants and agree that this Court will pay the Disputed Funds to the Defendants according to the agreement or allocation.

After signing this stipulation, the parties did not meet for a settlement conference. They did not file a state court action to adjudicate allocation of the Disputed Funds. No one attempted to resolve allocation of the Disputed Funds by either agreement or state court adjudication.

To ensure preservation of her claim within the statutory limitation period, on January 23, 2015, Brenda DeGross filed a wrongful death lawsuit in state court on behalf of the statutory beneficiaries of David DeGross against James Sparish. The suit does not

involve all of the parties to the April 11, 2014 stipulation, and it does not purport to adjudicate allocation of the Disputed Funds. Sparish and Brenda DeGross twice agreed to stay proceedings to see whether money from the garage business owners policy would be available and how the Disputed Funds would be allocated by this Court, even though they had stipulated that this Court would not decide how the Disputed Funds would be allocated. No one has explained how allocation of the Disputed Funds by agreement or state court adjudication was expected to occur when the parties never discussed settlement together and the DeGrosses and Society Insurance, through counsel defending Sparish, twice agreed to delay their state court action so this Court could allocate the interpleaded funds first.

The Court would not have granted the parties' stipulation to resolve allocation of the Disputed Funds if it had known the parties would not at least make good faith efforts to do so.

### B.     This Action in Interpleader Was Filed Prematurely.

Under 28 U.S.C. § 1335, the Court has original jurisdiction of a civil action of interpleader filed by an entity having issued a policy of insurance of value or amount of $500 or more if two or more adverse claimants of diverse citizenship are claiming or may claim to be entitled to any of the benefits arising by virtue of the policy and the plaintiff has deposited the value of the policy into the registry of the court, there to abide the judgment of the court. "The purpose of interpleader is for the stakeholder to 'protect itself against the problems posed by multiple claimants to a single fund.'" *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (citation omitted).

Society Insurance filed this action in interpleader as though it conceded liability and coverage by its business auto insurance policy. It alleged, "Society is merely an innocent stakeholder and claims no beneficial interest in the Disputed Funds." (Doc. 6 at 3.) It further alleged, "Society cannot make payment of the Disputed Funds without assuming the responsibility of determining doubtful questions of fact and law, and

- 7 -

without incurring the risk of being subjected to costs and expenses in defending itself or its insured in a multiplicity of suits or the possibility of multiple payments of the amount due." (*Id.* at 3.) Perhaps, at the time, then-counsel for Society Insurance believed that liability and coverage would not be disputed.

But now Society Insurance is defending Sparish against claims by the DeGross parties in the Pinal County Superior Court case in which Sparish has denied that he was driving negligently, denied he was the sole cause of the collision and ultimate death of David DeGross, and denied he is liable for wrongful death. (Doc. 119-1 at 6.) It is defending Sparish under a reservation of rights under both the business automobile policy and the garage business owners policy, and it is contesting all coverage under the garage business owners policy. Although Society Insurance offered the $500,000 bodily injury policy limit under the business automobile policy in this interpleader action, it did not explicitly concede coverage under the policy for the collision. Thus, Society Insurance interpled the Disputed Funds before its obligations to Sparish under the business automobile policy were clear.

Further, Society Insurance filed this action with respect to only the policy limits of its business auto insurance policy, ignoring potential obligations to Sparish under its garage business owners policy. Now it is contesting coverage under its garage business owners policy in the Wisconsin declaratory judgment action. The Court cannot equitably apportion the Disputed Funds, provided under the business automobile policy, without knowing which, if any, parties may receive additional compensation under the garage business owners policy.

Therefore, this action in interpleader is premature.

## IV.   LIMITATION PERIOD

Under Arizona statute, "If an action is commenced within the time limited for the action, and the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits, the

plaintiff, or a successor or personal representative, may commence a new action for the same cause after the expiration of the time so limited and within six months after termination." A.R.S. § 12-504(A). The Defendants did assert claims against James Sparish in their pleadings in this case. This case will be terminated for reasons other than by abatement, voluntary dismissal, dismissal for lack of prosecution, or a final judgment on the merits. Therefore, under Arizona law, the statutes of limitations for any claims by the Defendants in this interpleader action against Sparish are extended until six months after the entry of this order.

In the alternative, even if the limitations for Defendants' claims against Sparish were not extended by statute, the equitable nature of interpleader would require extension of the limitation period for parties who timely asserted claims in this action. Therefore, any party may commence a new action for the same cause within six months of the date this order is entered.

IT IS THEREFORE ORDERED that the Clerk shall pay to Society Insurance Company the sum of $500,000.00, which Society Insurance Company deposited with the Court on May 27, 2014 (Doc. 68), plus any interest the deposit has accrued. The check shall be sent to Plaintiff's attorney at the following address:

> Timothy R. Hyland
> Cavanagh Law Firm PA
> 1850 N. Central Avenue, Suite 2400
> Phoenix, AZ 85004

IT IS FURTHER ORDERED vacating the orders filed April 24, 2014, and July 29, 2014 (Docs. 67, 71).

IT IS FURTHER ORDERED that the Request for Magistrate for Limited Purpose of Conducting Settlement Conference (Docs. 117, 118) is denied as moot.

IT IS FURTHER ADJUDICATED that Defendants' time to file actions against James Sparish for claims arising out of the February 6, 2013 motor vehicle collision is

extended pursuant to A.R.S. § 12-504(A) to six months from the date this order is entered.

IT IS FURTHER ORDERED that this case is dismissed without prejudice. The Clerk shall close the case.

Dated this 8th day of September, 2016.

                                        Neil V. Wake
                           Senior United States District Judge